UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HUMBERTO ALEJANDRO CERVANTES
CANCIO,

        Petitioner,

v.                                                                  Case No. 3:26-cv-148-MMH-MCR

FIELD OFFICE DIRECTOR, et al.,

        Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Humberto Alejandro Cervantes Cancio, an immigration detainee, filed a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) on January 26, 2026. He is proceeding on an Amended Petition (Doc. 3; Amended Petition) filed on February 9, 2026. Cancio is currently in the custody of U.S. Immigration and Customs Enforcement (ICE) at Baker Correctional Institute. Respondents filed a Response (Doc. 7; Response), and Petitioner filed a pro se Reply (Doc. 9; Reply). Upon review, the Court finds that the Amended Petition is due to be granted.

## II. Background

Cancio is a citizen of Cuba, who initially entered the United States in 1980. Doc. 7-2 at 2. An immigration judge ordered Cancio removed on December 3, 1991, and he was removed from the United States to Venezuela on December 20, 1991. Id. At some point, he re-entered the United States without admission or parole, and ICE encountered him on June 19, 2008 at the Puerto Rico Department of Corrections, where Cancio was being held on child support charges that were eventually dismissed. Doc. 7-1 at 2. ICE apparently served him with a notice to appear at that time. Id. "According to ICE, Petitioner was released on an order of supervision ([]OSUP[]) in December 2008 and was generally compliant with his OSUP reporting requirements." Response at 3. Nevertheless, on July 24, 2025, Cancio reported to ICE in Puerto Rico "and in accordance with current guidelines [he was] placed into custody pending his removal." Doc. 7-2 at 3.

## III.   Analysis

In the Amended Petition, Cancio argues that his prolonged detention without a bond hearing violates the Fifth Amendment's Due Process Clause and "exceeds statutory authority." See Amended Petition at 6-7; Doc. 3-1 at 2. Insofar as he argues he is entitled to a bond hearing under 8 U.S.C. § 1226, his argument is unfounded, because Cancio's detention is governed by 8 U.S.C. § 1231—not § 1226. See Johnson v. Guzman Chavez, 594 U.S. 523, 543-44

2

(2021) ("And § 1231 explains what to do if the alien is ordered removed."); see also Deshati v. Noem, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025)[1] ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). The Court, therefore, construes his Amended Petition as challenging his prolonged detention as violative of the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents likewise construe Cancio's claims as such. See Response at 8-11.[2]

Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2).

Nevertheless, in Zadvydas, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. The government may detain an alien

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[2] To the extent Respondents argue that this Court lacks jurisdiction to consider Cancio's Zadvydas claim, see Response at 5-8, such argument has no merit.

beyond the statutory removal period if he is, among other things, a criminal alien or the Attorney General has determined the alien is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court in Zadvydas held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

Here, Cancio was taken into ICE custody on July 24, 2025, and he filed this case more than 180 days later on January 26, 2026. Therefore, his presumptively reasonable time period under Zadvydas elapsed before he filed this case. Thus, the Court must consider whether Cancio has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052. In the Amended Petition, Cancio asserts that he "has been continuously detained by ICE since July 24, 2025." Doc. 3-1 at 1. He explains that no travel documents have issued, and no country has formally accepted him for removal. See Reply at 1. Now, he has been detained for more than eight months, and ICE still has been unable to remove him.

Given the record, the Court finds that Cancio has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, the burden shifts to Respondents to "respond with evidence sufficient to rebut [Cancio's] showing." Akinwale, 287 F.3d at 1052. As explained below, Respondents fail to do so.

Respondents do not address whether there is a significant likelihood of removal in the reasonably foreseeable future. Instead, they argue that Cancio's detention beyond the six-month Zadvydas period is reasonable "[i]n light of [his] history, which includes a record of a prior escape from federal custody," and his "resist[ance]" to be removed to Mexico, including his stated "intent to

stay in the United States until the current administration changes." Response at 11. But counsel for Respondents repeatedly acknowledges that ICE did not provide any documentation or records supporting its position. See Response at 3 ("ICE did not provide the undersigned with supporting records concerning Petitioner's OSUP or reporting record."), 4 n.5 ("The undersigned was not provided supporting records."); 4-5 ("ICE did not provide the undersigned with records supporting Petitioner's resistance of removal or his statement that he was willing to remain in ICE custody until an administration change."). The alleged "prior escape" argument is simply based on a notation in a 2008 Record of Deportable/Inadmissible Alien form that states: "Record checks revealed a prior escape from Federal Custody." Doc. 7-1 at 2. There are no details provided or other documentation to support this allegation. Notably, the 2025 Record of Deportable/Inadmissible Alien form makes no mention of this "prior escape." See Doc. 7-2. The only document specifically relating to ICE's recent removal efforts is a Notice of Removal dated September 10, 2025, in which ICE advised Cancio of its intention to remove him to Mexico. Doc. 7-3 at 1. The Court rejects as unsupported Respondents' arguments that Cancio "resisted removal to Mexico" on September 17, 2025, and "on October 21, 2025, [he] noted that 'he is willing to remain in ICE custody until the current administrative changes.'" Response at 4. Regardless, these arguments do not justify Petitioner's continued detention without a showing that removal is reasonably foreseeable.

6

Respondents also argue that given Cancio's "prior illegal reentry into the country following his removal in 1991 and his prior escape from federal custody as documented in his 2008 Form I-213, his continued detention pending removal is very likely the only means to ensure his presence at the time of removal." Response at 11. But that does not give ICE carte blanche to simply detain someone indefinitely without any showing that removal is foreseeable.

Based on the evidence presented, the Court finds Respondents have failed to show a significant likelihood that Cancio will be removed in the reasonably foreseeable future. Therefore, Cancio is entitled to release from detention under Zadvydas. Accordingly, it is

**ORDERED**:

1. Cancio's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 3) is **GRANTED** on his Zadvydas claim. Respondents shall release Cancio **within 24 hours** of this Order.

2. The **Clerk of Court** is directed to enter judgment granting the Amended Petition on the Zadvydas claim, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

8

JAX-3 3/25
c:
Counsel of Record

8